**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Shavonda Luster**, <br><br> Plaintiff, <br><br> vs. <br><br> **F-Squared Management, LLC**, an Arizona limited liability company, and **John Flanders and Jane Doe Flanders**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Shavonda Luster ("Plaintiff" or "Shavonda Luster"), sues the Defendants F-Squared Management, LLC and John Flanders and Jane Doe Flanders, (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

-1-

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

# PARTIES

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant F-Squared Management, LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant F-Squared Management, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant F-Squared Management, LLC owned and operated as "CBD Emporium," an establishment that operates CBD retail stores in Phoenix, AZ and Tucson, AZ.

10. Under the FLSA, Defendant F-Squared Management, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant F-Squared Management, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant F-Squared Management, LLC is subject to liability under the FLSA.

11. Defendants John Flanders and Jane Doe Flanders are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims

-3-

DocuSign Envelope ID: AC660F1B-F09E-4782-ADB9-93311CA6F065

in this Complaint as to which their marital community is fully liable. John Flanders and Jane Doe Flanders are owners of F-Squared Management, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants John Flanders and Jane Doe Flanders are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants John Flanders and Jane Doe Flanders had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant F-Squared Management, LLC in relation to the company's employees, Defendants John Flanders and Jane Doe Flanders are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

-4-

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

# FACTUAL ALLEGATIONS

27. Defendants own and/or operate as The Adult Shoppe, an enterprise located in Maricopa County, Arizona.

28. Plaintiff was hired by Defendants in approximately October 2021.

29. At all relevant times, Plaintiff worked for Defendants until approximately December 2, 2021.

30. At all relevant times, in her work for Defendants, Plaintiff worked as a sales associate.

31. Defendants, in their sole discretion, paid Plaintiff $15 per hour.

32. Defendants classified Plaintiff as W-2 employee.

33. At all relevant times, Defendants paid Plaintiff on a bi-weekly basis.

34. During her workweek of work with Defendants, Plaintiff worked two shifts.

35. During the first shift of Plaintiff's final workweek, Plaintiff worked approximately eight hours for Defendants.

36. During the second shift of Plaintiff's final workweek, Plaintiff worked approximately one hour for Defendants.

37. After approximately one hour into her second shift of her final workweek, Plaintiff left her employment with Defendants.

38. Defendants failed to compensate Plaintiff any wages whatsoever for her final workweek of employment with Defendants.

39. Therefore, for the final workweek that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

DocuSign Envelope ID: AC660F1B-E09E-4782-ADB9-93311CA6F065

40. On or about December 14, 2021 and December 16, 2021, Plaintiff contacted a representative of Defendants via text message on multiple occasions to inquire as to when her she would be paid for her final workweek.

41. In response, the representative of Defendants stated that Defendants were having trouble catching up on payroll and then instructed Plaintiff to contact Defendants' corporate offices to inquire regarding her final paycheck.

42. During the week of December 20, 2021, Plaintiff called Defendants' corporate offices to inquire about her final paycheck and when she could expect it.

43. This corporate representative did not provide any further information regarding when Plaintiff could expect to be paid her final paycheck from Defendants.

44. To date, Defendants have not paid any wage whatsoever to Plaintiff for the final workweek she worked for them.

45. As a result of not having paid any wage whatsoever to Plaintiff during her final workweek with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

46. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

47. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

48. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

49. Plaintiff, in her work for Defendants, was a non-exempt employee.

50. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff her final paycheck would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

52. Plaintiff is a covered employee within the meaning of the FLSA.

53. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. As a result of not paying Plaintiff any wage whatsoever for the final pay period of her employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

59. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Shavonda Luster, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

    C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

    D.    For the Court to award prejudgment and post-judgment interest;

    E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

    F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. As a result of not paying Plaintiff any wage whatsoever for the final pay period of her employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

63. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Shavonda Luster, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

-10-

    A.    For the Court to declare and find that the Defendant committed one of more of the following acts:

        i.    Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

        ii.    Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

    B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

    C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

    D.    For the Court to award prejudgment and post-judgment interest;

    E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

    F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

65.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.    As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

67.    Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

-11-

68. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

69. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

70. Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Shavonda Luster, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 12th day of January, 2022.

                                        BENDAU & BENDAU PLLC

                                        By: /s/ *Clifford P. Bendau, II*
                                        Clifford P. Bendau, II
                                        Christopher J. Bendau
                                        *Attorney for Plaintiff*

## **VERIFICATION**

Plaintiff, Shavonda Luster, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:

*Shavonda Luster*
CD55AC1BF2484E2...
Shavonda Luster

-14-